930 So.2d 710 (2006)
Jeffrey WAGNER, Appellant,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Appellee.
No. 1D05-5023.
District Court of Appeal of Florida, First District.
May 2, 2006.
Appellant, pro se.
*711 Charlie Crist, Attorney General; and Louis A. Vargas, General Counsel, Tallahassee, for Appellee.
PER CURIAM.
By filing a notice of appeal, the appellant has sought plenary review of an order of the lower tribunal determining him to be indigent for purposes of the appeal taken in case number 1D05-4075. The underlying appeal results from an order of the lower tribunal determining the appellant to be indigent for purposes of proceeding in the lower tribunal in a civil proceeding, pursuant to section 57.085, Florida Statutes. The order further directs the Department of Corrections to impose a lien on the appellant's inmate trust account for the full amount of costs and fees due in the civil proceeding. The order here on appeal directs the Department of Corrections to place a lien on the appellant's inmate trust account for the full amount of lower tribunal costs and fees incurred in connection with appeal number 1D05-4075. We conclude that review of such an order is properly by motion filed pursuant to Florida Rule of Appellate Procedure 9.430, rather than by appeal, and therefore dismiss the instant appeal.
Rule 9.430 provides that a motion for leave to proceed on appeal without payment of costs shall be filed in the lower tribunal and that review of the lower tribunal's decision shall be by motion. The type of order on appeal here, which grants indigency status, defers payment of court costs and fees, and consequently directs the imposition of a lien, is most likely not specifically contemplated by the rule. Although the rule primarily addresses review of orders denying indigency status, the language of the rule does not expressly limit its application to such orders. We therefore find that the rule allows review of the order here on appeal. Accordingly, the proper avenue for review is by motion in the underlying appeal, rather than by a separate appeal. Here, the appellant filed both a motion for review in case number 1D05-4075, and a separate notice of appeal that became the present case. For this reason, the instant appeal is both improper and duplicative. We dismiss this appeal for lack of jurisdiction. Nevertheless, the Court notes that because the appellant filed his motion for review before dismissal of the underlying appeal, see Banks v. State, 916 So.2d 35 (Fla. 1st DCA 2005), the Court will consider the motion for review.
KAHN, C.J., WEBSTER and POLSTON, JJ., concur.